## Richmond

CARL MICHAEL BERGER V. COMMONWEALTH
OF VIRGINIA.

October 8, 1976.

Record No. 751511.

Present, All the Justices.

*Michaux Raine, III (Davis, Davis, Raine & Davis,* on brief), for plaintiff in error.

*Jerry P. Slonaker, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

We consider in this criminal appeal a procedural issue and a question of evidence.

Upon indictments for malicious wounding and robbery, defendant Carl Michael Berger was found guilty by a jury and sentenced to a total of 40 years in the penitentiary. A writ of error was awarded on limited grounds to the judgments of conviction entered September 10, 1975.

On Saturday, May 24, 1975, about 11:25 p.m., D. G. Young, the owner of a grocery store in Franklin County, was robbed of

approximately $8,800.00 and brutally beaten in the store parking lot after he closed his place of business. About three weeks after the crimes, the victim identified the defendant as the robber and assailant, and Berger was then arrested.

The evidence taken in the light most favorable to the Commonwealth shows that present with the defendant during commission of the crimes were Anthony Edwards and an unidentified individual. The record shows Berger and Edwards were together with a Buck Smith before and after the incident in question at a party which was in progress that evening in the vicinity of Young's store. Within two hours after the crimes were committed, a witness saw Berger, Edwards and Smith sitting in an automobile at the scene of the party counting a sum of money.

Dennis Edwards, the brother of Anthony, testified that about 3:00 a.m. on May 25, he saw Anthony alone "down the road [from the party]" with "a little money". Over defendant's objection, Dennis, 19 years of age and mentally retarded, testified that Anthony stated he obtained the money from "Young"; that Anthony said he was with defendant when the money was acquired; and that Anthony stated that defendant "hit Mr. Young".

Defendant contends the trial court erred in permitting the Commonwealth's Attorney to ask a series of leading questions of Dennis Edwards. Defendant's appellate counsel concedes trial counsel did not object to any of the challenged questions and thus has failed to preserve the alleged error under the first clause of former Rule 5:7,* the content of which now appears in Rule 5:21. He argues, however, we should consider the alleged error to enable the court, as provided by the Rule, "to attain the ends of justice". We decline so to do. Our requirement of timely objection would be meaningless and rendered a nullity if objections to leading questions could be raised and considered for the first time on appeal.

---

* "**Rule 5:7. Objections in Trial Courts; Effect of Failure to Assign Error.**

"This Court will not notice any objection requiring a ruling of the trial court unless the ground of objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice. Only errors assigned in the notice of appeal and assignments of error will be noticed by this Court and error not so assigned will not be admitted as a ground of a reversal of a decision below."

■ Defendant next contends that Dennis Edwards' testimony concerning the statements made to him by his brother, Anthony, out of the defendant's presence, constituted inadmissible hearsay. The Commonwealth argues the testimony was properly admitted and fell within the co-conspirator exception to the hearsay rule. We do not agree with the Commonwealth.

It is settled that when the evidence establishes a *prima facie* case of conspiracy, that is, that two or more persons have entered into an agreement to commit a crime, any "declaration of a conspirator during such conspiracy, and in furtherance thereof, is admissible, in a prosecution for the target crime, as substantive evidence against any co-conspirator on trial." 3 *Wharton's Criminal Evidence* § 642 at 321 (13th ed. C. Torcia 1973) (footnotes omitted). *Accord, Anderson* v. *Commonwealth,* 215 Va. 21, 24, 205 S.E.2d 393, 395 (1974); *Danville Bank* v. *Waddill,* 72 Va. (31 Gratt.) 469, 484 (1879). Such evidence is admitted on the theory that the declarant is the agent of the other conspirator. *Lutwak* v. *United States,* 344 U.S. 604, 617 (1953); *Sands* v. *Commonwealth,* 62 Va. (21 Gratt.) 871, 895 (1872). *See* Levie, *Hearsay and Conspiracy,* 52 Mich. L. Rev. 1159 (1954).

But there can be no furtherance of a conspiracy which has terminated. *Lutwak, supra,* at 617-18. Accordingly, it is generally held that "incriminating, inculpatory, extrajudicial declarations of a co-conspirator made in the absence of or without the knowledge of the accused, after the conspiracy has come to an end through withdrawal or arrest of the participants, or termination of the plan in success or failure, are inadmissible in evidence in a criminal trial to prove the guilt of one other than the declarant." Annot. 4 A.L.R.3d 671, 678. *Accord, Krulewitch* v. *United States,* 336 U.S. 440 (1949); *Jarrell* v. *Commonwealth,* 132 Va. 551, 563, 110 S.E. 430, 434 (1922); *Oliver* v. *Commonwealth,* 77 Va. 590, 594 (1883); *Wharton's, op. cit.* § 643 (footnotes omitted).

Defendant argues that a *prima facie* case of conspiracy between the defendant and Anthony Edwards was not established, but it is unnecessary for us to determine that question. We will assume without deciding that a conspiracy was proved, as the Commonwealth argues. Nevertheless the statements were pure hearsay, and inadmissible, because they

were made by Anthony Edwards, the declarant, after the commission of the crime was complete and after any conspiracy which may have existed among the defendant, Edwards and Smith to rob or wound the victim had terminated. The robbery and beating had been consummated; within two hours the fruits of the robbery had been divided among the trio; the statements in issue were made one and one-half hours thereafter when the participants had apparently gone their separate ways. Accordingly, the utterances of Anthony Edwards stood as unsworn extrajudicial declarations of Berger's guilt.

Because the accuracy of Young's identification of defendant as the one who robbed and beat him was in issue, we cannot say the admission of the foregoing testimony was harmless error. Therefore, the judgments of conviction will be reversed and the case remanded for a new trial, if the Commonwealth be so advised.

*Reversed and remanded.*