**Arlington**

JAMES C. PIERCE

v.

COMMONWEALTH OF VIRGINIA

No. 0097-85

Decided June 3, 1986

COUNSEL

Craig S. Cooley (Brown and Cooley, on brief), for appellant.

Margaret Poles Spencer, Assistant Attorney General (William G. Broaddus, Attorney General, on brief), for appellee.

OPINION

COLE, J.—Upon his trial by jury, James Calvin Pierce (Pierce) was found guilty of possession of marijuana with intent to distribute under Code § 18.2-248.1. On January 20, 1985, the court sentenced him to two years in the penitentiary in accordance with the jury verdict.

The issues raised by him on appeal are: (1) whether the trial court erred when it permitted certified copies of two previous con-

victions of possession of marijuana to be admitted as evidence; and (2) whether the trial court erred when it refused to suppress statements made by him to the police officer. We hold that the trial court erred on both issues and reverse.

On October 14, 1984, Detective W. R. Shuman went to an apartment complex located on the Jefferson Davis Highway in Richmond to serve warrants for arrest of Pierce involving traffic offenses. After placing Pierce under arrest, the officer asked Pierce, who was not clothed, if he wanted to put on his clothing. Pierce responded "yes," and the officer gave him his clothes after inspecting them. When the officer picked up a jacket he felt something in the pockets, and upon inspection he found marijuana. After finding the marijuana, the officer read the *Miranda* rights to Pierce. Later, at police headquarters, after Shuman again read him the *Miranda* rights and he signed a routine waiver form, the officer took a statement from Pierce. On the back of the waiver form the officer wrote the substance of the statement. Pierce read the statement but refused to sign it. As written by the police officer, the statement is as follows:

> The drugs are mine, you all made me do it on traffic charges and my P.O. wants to put me back in prison. I couldn't get a regular job. So, I buy drugs and sell them to make money.

The officer acknowledged that the statement was not in the exact words of Pierce, but stated that the meaning and content were not changed. At trial, Shuman substituted the words "parole officer" for the initials "P.O." and was permitted to read the statement to the jury.

## I.

The Commonwealth, anticipating an instruction on the lesser included offense of "possession of marijuana," attempted to introduce certified copies of two previous convictions of that offense in order to take advantage of the enhanced punishment provisions in Code § 18.2-250.1. One of the convictions was not contested by Pierce, but the other one was not a conviction for unlawful possession of marijuana under Code § 18.2-250.1. It was a conviction

under Code § 18.2-248.1(b) for possession of marijuana in a penal institution as an inmate, punishable as a Class 5 felony. Pierce objected, arguing that the felony conviction for possession of marijuana under Code § 18.2-248.1 was not a conviction within the meaning of Code § 18.2-250.1(A) which would enhance the punishment. The trial court ruled otherwise, and allowed both convictions to be admitted as evidence. However, in order not to emphasize the fact that Pierce was an inmate in the penitentiary, the two convictions of possession of marijuana were stipulated by counsel without reference to the place of possession.

Code § 18.2-250.1(A), which deals with unlawful possession of marijuana, states:

It is unlawful for any person knowingly or intentionally to possess marijuana. . . .

\* \* \*

Any person who violates this section shall be guilty of a misdemeanor, and be confined in jail not more than thirty days and a fine of not more than $500, either or both; any person, upon a second or subsequent conviction of a violation *of this section*, shall be guilty of a Class 1 misdemeanor. (emphasis added).

█ We hold that in order for the Commonwealth to take advantage of the enhanced punishment provided in this section, it must prove a second or subsequent conviction for unlawful possession of marijuana under Code § 18.2-250.1(A). Any other interpretation would be contrary to the express language of the statute. "There can be no constructive offenses, and, before a man can be punished for the violation of a statute, his case must be plainly and unmistakenly within the statute." 5B Michie's Jur. *Criminal Procedure* § 4 (Repl. Vol. 1983). The scheme of punishment under Code § 18.2-250.1(A) does not envision that felony convictions under Code § 18.2-248.1, which carries its own severe punishments, be considered under its enhancement provision. The trial court erred when it allowed evidence of this conviction to be admitted into evidence.

The Commonwealth contends that Pierce did not raise this objection in the trial court, agreed to the introduction of the convic-

tion evidence by stipulation, and thus Rule 5A:18 precludes his raising the issue for the first time on appeal. A review of the record does not support this argument. When the Commonwealth advised the court that it wished to introduce documents to prove the two convictions of possession of marijuana, appellant's counsel objected on the ground that one conviction emphasized that Pierce was an inmate and that: "[T]his is a separate offense that controls possession of marijuana inside the penitentiary. It is not under that general statute, that it would be a lesser included offense." The trial court then examined the Code section and ruled that he would admit both convictions. Pierce's counsel then noted "our exception to the court's ruling, and I state for the record only because of that ruling am I willing to stipulate both convictions." We hold that a proper objection was made in the trial court. *See Marshall* v. *Goughnour*, 221 Va. 265, 269, 269 S.E.2d 801, 804 (1980).

The Commonwealth argues that even if we hold that the conviction was inadmissible, Pierce was not prejudiced by the ruling, since only one prior conviction would trigger the enhancement provision. Further, the Commonwealth claims that since Pierce was convicted of possession of marijuana with intent to distribute under Code § 18.2-248.1, the two prior convictions did not affect his sentence. We disagree.

The evidence in the case was not overwhelming on the issue whether Pierce possessed marijuana with intent to distribute, and the evidence of the earlier conviction may have influenced the jury to find him guilty of possession with intent to distribute. *Jones* v. *Commonwealth*, 218 Va. 732, 737, 240 S.E.2d 526, 529 (1978). For this reason, we reverse.

## II.

Since the admissibility of the confession may again arise on a retrial of the case, we will address the issue. Prior to trial, Pierce filed a motion to suppress the statement on the ground that it was taken after Pierce had invoked his constitutional right to remain silent and had refused to execute a waiver of the *Miranda* rights.

Detective Shuman's testimony showed that the statement was voluntarily made, that Pierce was read the *Miranda* rights, and that he executed a waiver of his rights. There is, therefore, no

merit to Pierce's claim.

Pierce further moved the court at the suppression hearing to strike out the portion of the statement that said, "and my P.O. wants to put me back in prison," on the grounds that these words were neither inculpatory nor exculpatory, were totally irrelevant to any issue in the case since Pierce did not testify, and were offered by the Commonwealth to show indirectly that he was on parole and had a criminal record. The trial court refused to strike out any portion of the statement, asserting that either the statement in its entirety or none of it was admissible.

Pierce never gave a written statement to the police officer. He gave a verbal statement, and the officer wrote down the substance of it. When tendered to Pierce for his signature, he refused to sign it. The effect of this is stated in Wigmore as follows:

> Complete certainty as to an utterance's true meaning can be ascertained only by considering every word in it. The change, omission, or addition of even a single word may radically alter the meaning. But for oral utterances such verbal precision need not and cannot be required. It need not be, for the importance of single words in oral discourse is comparatively much less than in writings; and it cannot be, since memory does not retain precise words, except of simple utterances and for a short time. Hence, verbal precision is in general not required in proving verbal utterances; the substance or effect is sufficient. . . .
>
>              *   *   *
>
> The general rule, universally accepted, is therefore that the substance or effect of the actual words spoken will suffice, the witness stating this substance as best he can from the impression left upon his memory. He may give his "understanding" or "impression" as to the net meaning of the words heard. This rule is applicable to oral utterances in general—including admissions, conversations (whether as forming contracts or merely as admissions), and the like. It applies also to an accused's confessions, and to seditious utterances. . . .

7 Wigmore, *Evidence* § 2097(a) at 608, 609 (Chadbourne rev. 1978); *see also* 3 Wharton's Criminal Evidence *Confessions and Admissions* § 666 (C. Torcia 13th ed. 1973).

The statement was not signed by Pierce, and the record does not disclose that he acknowledged as correct the statement written by the police officer. Therefore, it was not a written confession or admission. The officer, however, is competent to testify as to the oral utterances made to him by Pierce since the record discloses that the officer remembered the statements.

Pierce argues that the portion of the oral utterance which made reference to a "parole officer" was totally irrelevant, not probative of any issue, and was unduly prejudicial to him since it disclosed that he was a parolee as a result of conviction of a separate and distinct crime. The Commonwealth's position is that the issue with respect to the confession is whether it is voluntary. If so, it should be admitted *in toto*, not with certain portions excised prior to its introduction.

When a confession is admissible, the whole of what the accused said upon the subject at the time of making the confession is admissible and should be taken together; and if the prosecution fails to prove the whole statement, the accused is entitled to put in evidence all that was said to and by him at the time which bears upon the subject of controversy, including any exculpatory or self-serving declarations connected therewith. It is for the jury to say what weight shall be given to the several parts of the statement, for they may well believe that part which charges the defendant, and reject that which tends to exculpate him. To be admissible, however, it must clearly appear that the exculpatory statements were made in the same confession or conversation sought to be introduced in evidence, and not upon other or separate occasions.

29 Am. Jur. 2d *Evidence* § 535 (1967).

This general rule does not, however, deal with cases in which part of the statement contains irrelevant and immaterial evidence, which is not admissible. This principle is stated in Corpus Juris Secundum thusly:

> A separate and distinct utterance of accused disconnected with his statements containing the confession is not admissible, of course, as a part of such statements; and some courts hold that immaterial and irrelevant portions of a statement contained in a confession which do not relate to and explain the material and relevant portions need not be received in evidence.

23 C.J.S. *Criminal Law* § 820 at 200-01 (1961).

The Commonwealth's position in the present case is that when the confession of a party is given in evidence, the entire statement must go to the jury as evidence in the case, citing *Boggs* v. *Commonwealth*, 229 Va. 501, 331 S.E.2d 407 (1985); *Bowman* v. *Commonwealth*, 174 Va. 461, 5 S.E.2d 497 (1939); *Parrish* v. *Commonwealth*, 81 Va. 1 (1884); and *Brown* v. *Commonwealth*, 36 Va. (9 Leigh) 633 (1838), as authority.

Early in history a confession was viewed as an acknowledgment by the accused in a criminal case of his guilt of the crime charged. By definition exculpatory statements were not "confessions" and were not covered by the rules relating to confessions. 23 C.J.S. *Criminal Law* §§ 816(a) and (b). However, *Brown, Parrish* and *Bowman* established a rule grounded in principles of fairness that authorized the admission of both inculpatory and exculpatory evidence. In each of these cases, the relevance of the statements was not questioned.

In *Fleenor* v. *Commonwealth*, 200 Va. 270, 105 S.E.2d 160 (1958), a seduction case, the trial court refused to strike out a part of a letter tendered by the Commonwealth in which the accused confessed to a separate crime of larceny, and permitted a witness to testify that the accused had informed her of his part in the robbery of a store. The Supreme Court held that the admission of the part of the letter and the statement as to the robbery were improper and prejudicial evidence, and reversed the conviction. We can find no basis to distinguish between an admission or a confession made in a letter, as in *Fleenor*, and one made orally to a police officer, as in this case.

The most recent case relied upon by the Commonwealth is *Boggs* v. *Commonwealth*, 229 Va. 501, 331 S.E.2d 407 (1985). Boggs gave a detailed written confession. Before the confession

was introduced at the guilt phase of the trial, he moved to strike a portion of the confession because it was "racial in nature," "had nothing to do with the Shaw murder," and "could serve only to influence the passions of the jury." The trial court overruled the objections and admitted the entire confession, and the Supreme Court affirmed. We believe that *Boggs* can easily be distinguished from Pierce. In *Boggs*, the racial statement made was probative evidence of his intent to kill. The statement at issue in the present case does not bear on any element of the crime and, unlike *Boggs*, is not probative of any issue.

Many cases from other states have held that when the part bearing on the issue can be separated from the parts relating to other offenses, only that part relevant and material to the issue is admissible. *See, e.g., State* v. *Wolff,* 337 Mo. 1007, 87 S.W.2d 436 (1935); *State* v. *Fowler,* 53 S.E.2d 853 (N.C. 1949).

We hold that under the facts of the case the part of the confession, "my P.O. wants to put me back in prison," is not admissible evidence since it is totally irrelevant, not probative of any issue, and is prejudicial to Pierce because it discloses that he is a parolee and has a criminal record. The objectionable portion of the statement can easily be separated from the remainder of the admission without adverse effect. Upon retrial, this portion of the statement should not be admitted as evidence.

For the reasons stated, the judgment appealed from will be reversed and remanded.

*Reversed and remanded.*

Benton, J., and Duff, J., concurred.