Richmond
RAY WILLIAMS
v.
COMMONWEALTH OF VIRGINIA
No. 1150-89-2
Decided October 2, 1990

150

COUNSEL

Steven D. Benjamin, for appellant. Appellant submitting on brief.

Mary Sue Terry, Attorney General; Richard A. Conway, Assistant Attorney General, for appellee. Appellee submitting on brief.

OPINION

COLEMAN, J.—In this appeal of a conviction for robbery, Code § 18.2-58, we must determine whether the trial court erred in admitting that portion of the appellant's confession which implicated him in other crimes for which he was not on trial. For the reasons that follow, we find no error and affirm the conviction.

The appellant, Ray Williams, made an oral confession to the investigating police officer which was tape recorded. In the recorded confession he admitted the robbery for which he was being tried as well as a series of approximately seventeen other robberies. The taped confession was played to the jury at trial. The trial judge ruled that the entire recording could be played to the jury and denied Williams' motion to redact from the confession his admission of other criminal offenses.[1] We hold that the trial court did not err by permitting the jury to hear the entire confession because the nature and character of the confession, the agreement made to obtain the confession, the circumstances under which the

---

[1] The appellant conceded that his admission in the taped confession that he had robbed the same victim three days later after the offense being prosecuted was relevant and admissible to prove his identity.

confession was obtained, and the content of the statement were relevant factors which tended to prove that the confession was knowingly and voluntarily made.

Ray Williams was arrested after Douglas Thrower, a counter salesman at Fairgrounds Auto Parts in Henrico County, identified Williams from a photographic array as the person who had robbed Thrower on October 12, 1988, and October 15, 1988. Following Williams' arrest and after being advised of his *Miranda* rights, he rode with the arresting officer through Chesterfield and Henrico counties, identifying other businesses he had robbed. After consulting with the Commonwealth's attorney, the arresting officer agreed with Williams that the Commonwealth would charge and prosecute him for no more than five of the robberies if he gave a complete and truthful account of the robberies he had committed. Williams gave a single tape-recorded oral account of the robberies in which the questions and explanations pertaining to the two robberies of Thrower were intermingled with questions and answers about sixteen other robberies.

Prior to trial, the Commonwealth's attorney and defense counsel agreed to "sanitize" a written transcript of the confession by deleting references to any robberies other than those of Thrower. Both counsel contemplated that Williams would not challenge at trial the voluntariness of the confession. However, on the day of trial, defense counsel announced that he would challenge the voluntariness of the confession "by cross-examination and by argument." The Commonwealth's attorney retracted his agreement to present a "sanitized" version of the confession because, he contended, the content of the confession and the agreement and circumstances under which the admissions were made were relevant and admissible to prove that the confession was voluntary. Under these circumstances, the trial court refused to require that the "sanitized" confession be used and refused to excise those portions of Williams' recorded confession which admitted to other robberies. We uphold the trial court's ruling.

In *Pierce v. Commonwealth*, 2 Va. App. 383, 345 S.E.2d 1 (1986), we held that the trial court erred by refusing to strike from a witness' (police officer's) account of the defendant's confession the "totally irrelevant" and prejudicial comment, "and my parole officer wants to put me back in prison." *Id.* at 389-91, 345 S.E.2d at 4-5. The panel in *Pierce* noted that the officer's testi-

mony was not a verbatim recitation of the defendant's own words but rather was the officer's written account of the substance of what the accused had said. *Id.* at 388, 345 S.E.2d at 3. Verbal precision was not present in *Pierce* and was not significant. *See id.* Therefore, since the portion of the statement in question in *Pierce* could be deleted without adverse effect, and because that aspect was not relevant to any issue in the case and was prejudicial, the panel ruled that the objectionable portion should not be admitted on retrial. *Id.* at 391, 345 S.E.2d at 5.

■ The problem in *Pierce* is significantly different from that presented in this appeal. Because of the differences, *Pierce* does not control the question before us. First, the evidence here, unlike *Pierce*, was a verbatim recording of Williams' account of how he robbed Douglas Thrower on October 12, 1988, the charged offense, and again robbed him three days later on October 15. The confession also contained his account of at least sixteen other offenses, all of which were committed in the same manner, usually using a knife, while he was high on cocaine, using the same car, wearing similar clothing, within a relatively short time period, and by telling each victim that he wanted money but he would not hurt them.[2] In *Pierce*, the police officer paraphrased and made a written account in his own words of the substance of what the accused had told him. Second, in *Pierce*, reference by the accused to his parole officer was irrelevant and added nothing to prove any element of the offense charged or to a complete or accurate understanding of the statement. The statement was highly prejudicial and devoid of probative value. Here, however, the complete statement in Williams' own words was relevant to establish that the statement was voluntary. The voluntariness of a confession is a matter the fact finder must consider in determining how much weight to accord to a statement. Also relevant was the fact that Williams knew the details of how Thrower was robbed and that the manner was similar to other robberies· which he admitted.

---

[2] We do not suggest that the offenses were sufficiently similar that they could be said to possess idiosyncratic features to support a rational conclusion that the same person had committed all offenses. *See Spencer v. Commonwealth*, 240 Va. 78, 90, 393 S.E.2d 609, 616, *cert. denied*, 111 S. Ct. 281 (1990). However, knowledge by Williams of how the Thrower robberies were committed, and that they were committed in a manner almost identical to the means of other robberies which he admitted committing was independently relevant as proving that his confession was trustworthy because of his knowledge of the details of the crimes.

Complete certainty as to an utterance's true meaning can be ascertained only by considering every word in it. The change, omission, or addition of even a single word may radically alter the meaning.

*Id.* at 388, 345 S.E.2d at 4 (quoting 7 J. Wigmore, *Evidence* § 2097(a), at 608 (Chadbourne rev. 1978)).

■ The trial judge initially must determine whether an accused has knowingly and voluntarily made an inculpatory statement for purposes of ruling upon admissibility; if the statement is admissible, the circumstances surrounding the giving of the statement, including evidence of any promises, inducements, or undue pressures or influences, may be considered by the fact finder in determining what weight to give the statement.

The ancient rule in this Commonwealth is that the prosecution has no right to introduce selected portions of a defendant's confession and exclude those which tend to mitigate, justify, or excuse the offense charged. . . . We hold that, because it appears from the totality of the circumstances in this case that [the accused's] confession is the "product of an essentially free and unconstrained choice by its maker," *he cannot be heard to complain that something he said might inflame the passions of the jury. . . .*

*Boggs v. Commonwealth*, 229 Va. 501, 517, 331 S.E.2d 407, 419 (1985), *cert. denied*, 475 U.S. 1031 (1986)(emphasis added).

■ We acknowledge the rule that evidence which tends to show that an accused has committed another crime independent of and unconnected with that for which he is on trial is generally inadmissible because it confuses the issues before the jury, unfairly surprises the accused with a charge he is not prepared to defend and tends to prejudice him in the minds of the jury. *See Kirkpatrick v. Commonwealth*, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). Thus, although Williams' confession contained an admission of other criminal conduct, the circumstances under which Williams admitted his culpability in the robbery of Thrower, including the terms of the agreement to confess to multiple crimes which he had committed in exchange for a limitation upon his prosecution, were factors that were highly relevant in determining the weight and credibility to be given to his admissions. *See, e.g.,*

*Upshur v. Commonwealth*, 170 Va. 649, 656-57, 197 S.E. 435, 438 (1938).

Because defense counsel did not request a limiting or cautionary instruction, and does not now complain that the trial court erred by not giving one, the right to have received such an instruction is not before us. Accordingly, we uphold the ruling of the trial court and affirm the conviction.

*Affirmed.*

Cole, J., and Willis, J., concurred.