## Norfolk

NORMAN DOUGLAS JIMMERSON, JR., a/k/a
NORMAN D. JIMMISON, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 1067-90-1

Decided December 10, 1991

COUNSEL

Peter A. Cotorceanu (Knicely & Cotorceanu, on briefs), for appellant.

Kathleen B. Martin, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

WILLIS, J., —In the early morning hours of October 3, 1989 the appellant, Norman Douglas Jimmerson, Jr., broke and entered the home of Ursula Kolek. He abducted her at knifepoint and took her to a bank where he forced her to withdraw $300 from an automated teller machine. He took the money from her, returned her to her home, and left. Later that day, he was arrested, advised of his *Miranda* rights, and confessed.

■ While admitting the crimes against Ms. Kolek, the appellant also made several incriminating statements concerning other crimes that he had committed. He stated that "he never watches any homes before he goes in; that he just hopes for the best." He further stated that "he was going to get in trouble one of these days going into houses where he—where he does not know that a gun is in there." He further stated that "when he did a robbery or a B&E, he tried to treat the people the same way he would want a member of his family treated in a similar circumstance." Finally, he stated that "he is high every time he commits a crime." The appellant contends that the admission of these statements into evidence, over his objection, was error. We disagree and affirm the judgment of the trial court.

Generally, proof tending to show an accused committed other crimes at other times is incompetent and inadmissible

for the purpose of showing commission of the particular crime charged. But such evidence is admissible "if it tends to prove any relevant element of the offense charged" or if "the evidence is connected with or leads up to the offense for which the accused is on trial." Nevertheless, evidence of other crimes is permitted only when "the legitimate probative value outweighs the incidental prejudice to the accused."

*Woodfin v. Commonwealth*, 236 Va. 89, 95, 372 S.E.2d 377, 380-81 (1988), *cert. denied*, 490 U.S. 1009 (1989) (citations omitted). There are exceptions to this rule. Thus:

Evidence of other offenses is admitted if it shows the conduct and feeling of the accused toward his victim, if it establishes their prior relations, or if it tends to prove any relevant element of the offense charged. Such evidence is permissible in cases where the motive, intent or knowledge of the accused is involved, or where the evidence is connected with or leads up to the offense for which the accused is on trial. Also, testimony of other crimes is admissible where the other crimes constitute a part of the general scheme of which the crime charged is a part.

*Kirkpatrick v. Commonwealth*, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970).

Summarized, the statements which are the subject of this appeal were (a) that the appellant entered homes without previously observing them, (b) that he recognized that if he continued doing so he was courting trouble, because someone might have a gun, (c) that in committing robbery or burglary, he tried to be nice to his victims, and (d) that he only committed crimes when he was high on drugs.

Statements (a) and (b) were made in response to a question concerning the crime on trial. The police officer who interrogated Jimmerson testified:

I asked Mr. Jimmerson if he had watched the house at any time. Mr. Jimmerson responded he never watches any homes before he goes in; that he just hopes for the best.

I then asked Mr. Jimmerson if he knew that the victim's husband was not at home, and Mr. Jimmerson replied no, he didn't know; he just went inside.

Mr. Jimmerson made a comment to me that he was going to get in trouble one of these days going into homes where he— where he does not know that a gun was in there.

The officer's questions related to the specific offense on trial. The appellant's statements were his manner of replying to those questions. Implicit in his responses were details as to how he committed the charged offense. Thus, those statements were relevant to the issues on trial.

The victim testified that during the robbery the appellant threatened her with serious injury and sexual assault and threatened to harm her children. When questioned about these circumstances, the appellant expressed remorse, explaining that he only committed the crime because he was high on drugs, that he would not have injured the victim or her children, and proceeded to give statements (c) and (d) explaining that he tried to treat his victims as he would want members of his family treated under similar circumstances and that he only committed crimes when he was high. These statements were made in response to questions concerning the circumstances of the crime on trial, and were given by the appellant to explain the circumstances surrounding his commission of that crime and his attitude toward and relationship with the victim. The statement concerning drug use also bore on his motive in committing the crime. Thus, these statements were relevant to issues on trial.

The appellant relies on *Pierce v. Commonwealth*, 2 Va. App. 383, 345 S.E.2d 1 (1986). In *Pierce*, the defendant was charged with possession of marijuana with intent to distribute it. The trial court received into evidence his statement, incorporated into his general confession, that his parole officer wanted to put him back in prison. Holding this to be error, we said:

We hold that under the facts of the case the part of the confession, "my P.O. wants to put me back in prison," is not admissible evidence since it is totally irrelevant, not probative of any issue, and is prejudicial to Pierce because it discloses that he is a parolee and has a criminal record. The objection-

able portion of the statement can easily be separated from the remainder of the admission without adverse effect.

*Id.* at 391, 345 S.E.2d at 5. *See also Fleenor v. Commonwealth*, 200 Va. 270, 274-75, 105 S.E.2d 160, 163 (1958).

In *Pierce*, the offending statement addressed no issue on trial. It was easily excised from the remainder of the defendant's confession. Such is not the case here. The statements about which the appellant now complains were his responses relating to the specific offense against Ms. Kolek and did, in fact, answer those questions. He chose his manner of expression. Were those statements removed from his confession, those questions would have remained unanswered.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Affirmed.*

Baker, J., and Coleman, J., concurred.