COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Fitzpatrick
Argued at Alexandria, Virginia

OLEN A. LEBBY

v.      Record No. 0617-94-4      MEMORANDUM OPINION[*] BY
                                  JUDGE JOHANNA L. FITZPATRICK
COMMONWEALTH OF VIRGINIA              AUGUST 22, 1995

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Michael P. McWeeny, Judge

Crystal A. Meleen, Assistant Public Defender (Office of the
Public Defender, on brief), for appellant.

Michael T. Judge, Assistant Attorney General (James S.
Gilmore, III, Attorney General, on brief), for appellee.


Olen A. Lebby (appellant) was convicted in a jury trial of

possession of a firearm after having been convicted of a felony

in violation of Code § 18.2-308.2(A). On appeal, he argues that

the trial court erred in: (1) admitting into evidence the

identity of the victim of his prior felony as a Washington, D.C.

police officer, and (2) finding that the evidence was sufficient

to establish his prior felony conviction.[1] For the reasons that

follow, we reverse the conviction and remand the case for

retrial.

On October 21, 1993, Officer William Haire (Haire) of the

Fairfax County Police Department received information that a

_____

[*]Pursuant to Code § 17.116.010 this opinion is not
designated for publication.

[1]Appellant raises several other issues, including whether
the evidence was sufficient: (1) to establish that the gun found
in the jacket was a firearm under Code § 18.2-308.2, and (2) to
show that appellant possessed the gun. We hold that the evidence
was sufficient to prove that appellant possessed a firearm.

suspect had brandished a handgun.  A radio transmission described the suspect and his car, and stated that he was travelling to the Alexandria Motel.  Haire went to the motel and saw the suspect vehicle arrive twelve to fifteen minutes later.  Haire searched the vehicle and found a brown leather jacket between the front bucket seats.  He felt a hard object inside the jacket and pulled out a loaded 9 mm. Beretta handgun.

Haire advised appellant of his rights and told him that he was charging him with possession of a firearm after being convicted as a felon.  Haire said:  "I have reason to believe that you were charged and convicted in the homicide death of a [Washington,] D.C. police officer . . . ."  Appellant responded:  "Yeah, I killed a D.C. cop."  Before trial, appellant made a motion in limine to exclude the murder victim's employment as a D.C. police officer because of its highly prejudicial nature and lack of relevance to any issue at trial.  The Commonwealth asserted that appellant's statement was necessary to show "that the person listed on the indictment in the District of Columbia . . . was in fact this person," even though nothing on the indictment indicated that the victim was a police officer.  The trial judge refused to exclude the statement or redact it to delete the victim's occupation as a police officer.

At trial, the Commonwealth's attorney did not limit the use of the statements and emphasized the murder victim's identity as a District of Columbia police officer in opening argument:

>     [Haire told appellant that] [y]ou're being

arrested because it's my impression that you shot and killed, in nineteen-seventy-five, a District of Columbia police officer. And the defendant's response was yes, I shot and killed a cop.

Similarly, the Commonwealth's attorney argued in closing:

April second, nineteen-seventy-five, the Grand Jury of the District of Columbia charged this defendant with malice aforethought for shooting Vernon Johnson, a District of Columbia police officer, with a pistol, thereby causing injuries from which the said Vernon Johnson died on or about April second, nineteen-seventy-five.

It doesn't say he was a District of Columbia police officer in the Grand Jury indictment, defendant admitted that to Officer Haire.

At the _in limine_ hearing, appellant also objected to Commonwealth's Exhibit 1, documentary evidence including two pages: (1) the second-degree murder indictment, listing the murder victim as "Vernon Johnson" and designating the count as "B," and (2) a form indicating a guilty judgment for count "B." Appellant argued that the two pages were not an adequate record of conviction. However, the trial judge allowed the use of these documents and stated: "I find that the document as presented is a record of conviction according to them. And I think that is sufficient at this point." Appellant was found guilty and sentenced to the maximum penalty of five years in the penitentiary.

## ADMISSIBILITY OF MURDER VICTIM'S IDENTITY

Appellant argues that the trial court erred in admitting

3

into evidence his response to Haire's question that he had killed a District of Columbia police officer.  He contends that the admission of the murder victim's identity as a police officer was highly prejudicial and had little, if any, probative value.

"As a general rule, proof of other crimes is incompetent and inadmissible to show commission of the crime charged." Tuggle v. Commonwealth, 228 Va. 493, 506, 323 S.E.2d 539, 547 (1984), vacated and remanded on other grounds, 471 U.S. 1096 (1985). "[E]vidence of other crimes may be admissible if introduced to prove an element of the offense charged, or to prove any number of relevant facts, such as motive, intent, agency, or knowledge." Wilson v. Commonwealth, 16 Va. App. 213, 220, 429 S.E.2d 229, 234 (emphasis added), aff'd on reh'g, 17 Va. App. 248, 436 S.E.2d 193 (1993) (en banc).  "Even if the other crime falls within an exception to the general rule, it only is admissible '[w]henever the legitimate probative value outweighs the incidental prejudice to the accused.'" Tuggle, 228 Va. at 506, 323 S.E.2d at 547 (quoting Lewis v. Commonwealth, 225 Va. 497, 502, 303 S.E.2d 890, 893 (1983)).

We hold that the trial court properly admitted the fact that appellant's prior felony was murder.  See Essex v. Commonwealth, 18 Va. App. 168, 171-72, 442 S.E.2d 707, 709-10 (1994).  To prove that appellant violated Code § 18.2-308.2(A), the Commonwealth had to show that appellant had been convicted of a felony and possessed a firearm.  However, the trial court erred in allowing

4

into evidence the identity of the murder victim as a District of Columbia police officer.  The issue at trial was not who was the victim of the prior felony, but rather only whether appellant had committed a felony.

We recognize that "the admissibility of evidence is within the broad discretion of the trial court."  Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988).  However, the statements as submitted had minimal probative value and were highly prejudicial in that the natural inference to be drawn was that appellant had killed a police officer in the line of duty, which was not the case.  Furthermore, the statements did not provide a necessary link between the indictment and appellant because the indictment did not indicate that Vernon Johnson was a police officer.  Additionally, the jury could have inferred that it was the same Olen Lebby in the indictment and on trial without the statements being introduced into evidence.  At the in limine hearing, the Commonwealth proffered to the court that use of the statement would establish that appellant was the same Olen Lebby listed in the District of Columbia murder indictment and would be used for that limited purpose.  However, in both opening and closing arguments, the statements were used to highlight the murder victim's identity as a police officer.  The trial court erred in admitting the statements of Haire and appellant without attempting to redact the portions identifying the murder victim as a District of Columbia police officer.

"Where the 'objectionable portion of the statement [could]
easily be separated from the remainder of the admission without
adverse effect,' it is error for the trial court not to do so,
and if the prejudice caused by admitting the evidence outweighs
its probative value, the error will be reversible."  Ascher v.
Commonwealth, 12 Va. App. 1105, 1119, 408 S.E.2d 906, 915 (1991)
(quoting Pierce v. Commonwealth, 2 Va. App. 383, 391, 345 S.E.2d
1, 5 (1986)), cert. denied, 113 S. Ct. 190 (1992).  "Error will
be presumed prejudicial unless it plainly appears that it could
not have affected the result."  Bruce v. Commonwealth, 9 Va. App.
298, 301, 387 S.E.2d 279, 280 (1990) (quoting Joyner v.
Commonwealth, 192 Va. 471, 477, 65 S.E.2d 555, 558 (1951)).  As
in Bruce, appellant received the maximum sentence of five years
in the penitentiary.  Thus, we are unable to hold that the
admission of the murder victim's identity did not affect the
penalty.

## SUFFICIENCY OF THE EVIDENCE

Appellant also argues that the trial court erred in finding
the demonstrative record of conviction adequate.  "When
sufficiency of the evidence is at issue on appeal, the evidence
must be viewed in the light most favorable to the Commonwealth,
and the evidence must be accorded all reasonable inferences
deducible therefrom."  Pugliese v. Commonwealth, 16 Va. App. 82,
92, 428 S.E.2d 16, 24 (1993) (citing Higginbotham v.
Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975)).

6

Viewed in the light most favorable to the Commonwealth, the record in this case, including the possible use of appellant's redacted statement, was sufficient to show a murder conviction. We do not decide whether the evidence without the exchange between Haire and appellant would be sufficient to show a prior conviction because we do not know whether any portions of the statements will be admitted at the new trial.

Accordingly, the decision of the trial court is reversed and the case remanded for a new trial if the Commonwealth be so advised.

<u>Reversed and remanded</u>.