COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Willis and Elder
Argued at Richmond, Virginia

BENIAH ABEL ALLEN

v.  Record No. 1745-95-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE JAMES W. BENTON, JR.
SEPTEMBER 3, 1996

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
William R. Shelton, Judge

Christopher F. Cowan (Cowan & North, on
brief), for appellant.

Leah A. Darron, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief) for appellee.


A jury convicted Beniah Abel Allen of possession of cocaine

in violation of Code § 18.2-250. On this appeal, he contends

that the trial judge erred in allowing evidence of his heroin use

and permitting a detective to testify that his behavior was

consistent with cocaine use. He further contends that the

evidence did not prove beyond a reasonable doubt that he

possessed cocaine. Because the admission of evidence concerning

his addiction to heroin was irrelevant and prejudicial, we

reverse the conviction.

I.

Allen was indicted and tried for possession of cocaine.

During opening statements at trial, and over Allen's objection,

the prosecutor told the jury that Allen admitted injecting heroin

_____
[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

on the day of his arrest.  The Commonwealth's evidence proved that when Chesterfield County police officers executed a search warrant at a residence, they discovered Faith Franklin, the lessee of the residence, standing in the living room.  Allen was lying facedown on a bed in another room.  During a search of the residence, the police found in the living room closet a tin foil packet containing .05 grams of cocaine.

After a detective read <u>Miranda</u> warnings to Franklin and Allen, Allen talked with the detective.  Allen said that he did not live at the house and denied that any drugs were in the house.  Allen's speech was slurred, and he was unsteady on his feet.  He did not have narcotics on his person.

The detective next questioned Franklin.  She admitted that she used cocaine.  During the questioning, Franklin removed from the underpants that she was wearing a tube she used to smoke crack cocaine.  The police arrested Franklin three days later for possession of cocaine.  She pled guilty to possession of both the cocaine residue in the tube and the cocaine in the closet.

After Franklin produced the tube the detective questioned Allen again.  He testified that Allen admitted having smoked crack cocaine for several years but claimed that he now used heroin and "that heroin was his addiction."  The detective further testified that Allen said "he shoots heroin often" and then showed needle marks on the back of his hand.  The detective said that Allen also admitted buying cocaine earlier that day and

said that he already had smoked it with Franklin.

The detective further testified that Allen's eyes appeared bloodshot and watery, his speech was slurred, and his balance unstable. He also testified that Allen's physical appearance and demeanor were consistent with that of a person under the influence of cocaine.

In Allen's defense, Franklin testified to purchasing cocaine earlier that day, smoking all of it, and then hiding the "stem" in her panties. She stated that she did not smoke cocaine with Allen on the day of the search and that she last smoked cocaine at 8 p.m., before Allen arrived. She testified that Allen, who did not live at the house, arrived at her house five minutes before the execution of the search warrant and went directly to the bedroom. She also testified that she had never given Allen any reason to believe that she smoked or hid cocaine in her residence.

The jury found Allen guilty of possession of cocaine. The trial judge imposed the jury's recommended sentence of eight years.

## II.

Allen contends that because the evidence of heroin use was irrelevant to the question whether he possessed cocaine and was highly prejudicial, the trial judge should have barred the testimony. In response, the Commonwealth states that Allen is not entitled to have his statement sanitized and that evidence of

past heroin use is indeed relevant to the possession of cocaine.

"The general rule is well established that in a criminal prosecution, proof which shows or tends to show that the accused is guilty of the commission of other crimes and offenses at other times, even though they are of the same nature as the one charged in the indictment, is incompetent and inadmissible for the purpose of showing the commission of the particular crime charged." Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970).

> To be admissible, evidence must relate and be confined to matters in issue, and it must tend to prove or disprove these matters or be pertinent to them. It is fundamental that evidence of collateral facts or those incapable of affording any reasonable presumption or inference on the matter in issue because too remote or irrelevant cannot be accepted in evidence. Such evidence tends to divert the attention of the jurors to immaterial matters. If it has to do with other misconduct or other crimes committed by accused, it not only diverts the attention of the jurors, but may tend to prejudice them towards accused.

Boggs v. Commonwealth, 199 Va. 478, 486, 100 S.E.2d 766, 772 (1957)(citation omitted). In particular, "[e]vidence of prior drug-related conduct is irrelevant and inadmissible and does not fall within one of the Kirkpatrick exceptions where there has been no showing of an intimate relation or connection between the prior conduct and an element of the crime charged." Wilson v. Commonwealth, 16 Va. App. 213, 222, 429 S.E.2d 229, 234-35, aff'd en banc, 17 Va. App. 248, 436 S.E.2d 193 (1993).

- 4 -

In an earlier case, this Court rejected the Commonwealth's argument that when the accused makes an oral statement to the police, the entire statement, including irrelevant matters, is admissible as evidence.  See Pierce v. Commonwealth, 2 Va. App. 383, 345 S.E.2d 1 (1986).  We ruled that when "[t]he objectionable portion of the statement can easily be separated from the remainder of the admission without adverse effect," the trial judge should admit "only that part relevant and material to the issue."  Id. at 391, 345 S.E.2d at 5.

> Following Pierce this Court also ruled as follows:
> Where evidence has little or no probative value and has the potential for being very prejudicial, such as showing unrelated crimes, it is error for the trial court not to redact the prejudicial evidence, unless the evidence is inextricably connected to the other evidence or to do so would mislead the fact finder.  Where the "objectionable portion of the statement [could] easily be separated from the remainder of the admission without adverse effect," it is error for the trial court not to do so, and if the prejudice caused by admitting the evidence outweighs its probative value, the error will be reversible.

Ascher v. Commonwealth, 12 Va. App. 1105, 1119, 408 S.E.2d 906, 915 (1991), cert. denied, 506 U.S. 865 (1992)(citation omitted).

The trial judge could easily have barred any testimony regarding Allen's heroin use.  Allen first raised the issue of the statement in a motion in limine.  Without hearing from the prosecutor concerning the relevance of the statement, the trial judge ruled that "statements by the defendant are always

- 5 -

admissible."  Thus, during opening statement, the prosecutor informed the jury of Allen's heroin use.  Later, during the Commonwealth's case-in-chief, the detective paraphrased Allen's statements regarding heroin use.

The Commonwealth has not articulated a reason why the heroin use was probative of whether Allen possessed cocaine.  Allen's heroin addiction and the needle marks on his arm did not tend to prove whether he possessed the cocaine found in the residence.  Moreover, unlike Williams v. Commonwealth, 11 Va. App. 149, 396 S.E.2d 860 (1990), Allen's statement was not a verbatim recording and the question of the statement's voluntariness was not at issue.  11 Va. App. at 152, 396 S.E.2d at 862.  Nothing in the record in this case indicates that the "objectionable portion of [Allen's] statement [could not have been] easily . . . separated from the remainder of the admission without adverse effect."  Pierce, 2 Va. App. at 391, 345 S.E.2d at 5.

Allen's prior use of heroin was irrelevant.  See Donahue v. Commonwealth, 225 Va. 145, 156, 300 S.E.2d 768, 774 (1983).  Irrelevant evidence is inadmissible.  Bunting v. Commonwealth, 208 Va. 309, 314, 157 S.E.2d 204, 208 (1967).  Furthermore, the evidence was highly prejudicial because it proved Allen to be an admitted heroin addict and allowed the jury to improperly infer his guilt because of his propensity to possess and use another drug.  See Donahue, 225 Va. at 156, 300 S.E.2d at 774.  Considering that the trial judge could easily have barred the

evidence of heroin use and such evidence was irrelevant and highly prejudicial, we hold that the trial judge erred in admitting the evidence.

### III.

"Only when trial error had no effect upon the outcome of the trial can the error have caused no prejudice and be harmless." Henshaw v. Commonwealth, 19 Va. App. 338, 347, 451 S.E.2d 415, 420 (1994). This error was not harmless. During the prosecutor's opening statement and the detective's testimony, the jury learned of Allen's heroin use and addiction. The evidence not only branded Allen a heroin addict, but also could have been the basis of an impermissible propensity inference. However, Franklin testified that she did not smoke cocaine with Allen that evening. She also testified that she alone last smoked from the tube. If the jury chose to believe Franklin's testimony and did not find Allen responsible for the cocaine in the closet, it could have found that the evidence was not sufficient to find him guilty of cocaine possession.

"'Since we have no way of knowing the effect the court's admission of testimony as to defendant's prior criminal acts . . . had upon the minds of the jury, we cannot say that the error was not prejudicial.'" Donahue, 225 Va. at 156, 300 S.E.2d at 774 (citation omitted). "The jury was clearly exposed to improper, inflammatory and prejudicial evidence and suggestion and we are unable to find that it 'plainly appears from the

record and the evidence' that this error 'did not affect the verdict.'" <u>Gravely v. Commonwealth</u>, 13 Va. App. 560, 564, 414 S.E.2d 190, 193 (1992)(citations omitted).

IV.

Allen also asserts that the detective impermissibly testified to an ultimate issue of fact. The ultimate issue of fact was whether Allen possessed the cocaine. The detective testified only that Allen's "demeanor . . . was consistent with what [he had] observed in others who have been under the influence of cocaine." That testimony was not an opinion on the ultimate issue.

An accused's demeanor is not an element of Code § 18.2-250. Furthermore, the detective never testified that Allen was actually under the influence of cocaine. A difference exists between an expert's opinion that a person is under the influence of a drug or that a person's conduct is consistent with someone under the influence. See Davis v. Commonwealth, 12 Va. App. 728, 406 S.E.2d 922 (1991)(expert's opinion that an amount of marijuana was inconsistent with an intent to distribute did not constitute an impermissible comment on an ultimate issue of fact); Llamera v. Commonwealth, 243 Va. 262, 414 S.E.2d 597 (1992)(whether quantity of cocaine would suggest an intent to distribute was an ultimate issue of fact). The testimony in this case did not violate the rule prohibiting comment upon the ultimate issue in fact.

We do not reach Allen's argument concerning the sufficiency of the evidence because the admission of his statements regarding his heroin use is reversible error.

<u>Reversed and remanded</u>.