COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Bray and Fitzpatrick
Argued at Salem, Virginia

TROY LEE ESTEP

MEMORANDUM OPINION[*] BY
v.          Record No. 2887-95-3          JUDGE RICHARD S. BRAY
MAY 20, 1997

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF WISE COUNTY
J. Robert Stump, Judge

Susan D. Oglebay for appellant.

Richard B. Smith, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


Troy Lee Estep (defendant) was convicted by a jury of
burglary, malicious wounding, robbery and abduction.  On appeal,
defendant contends that the trial court erroneously received into
evidence portions of his statement to police, while denying his
request for admission of the entire statement.  Finding no
reversible error, we affirm the convictions.

The parties are fully conversant with the record, and this
memorandum opinion recites only those facts necessary to a
disposition of the appeal.

"The ancient rule in this Commonwealth is that the
prosecution has no right to introduce selected portions of a
defendant's confession and exclude those which tend to mitigate,
justify, or excuse the offense charged."  Boggs v. Commonwealth,

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

229 Va. 501, 517, 331 S.E.2d 407, 419 (1985), cert. denied, 475 U.S. 1031 (1986). However, this principle does not render admissible irrelevant and immaterial contents of a statement, otherwise inadmissible. See Pierce v. Commonwealth, 2 Va. App. 383, 389-91, 345 S.E.2d 1, 4-5 (1986). Accordingly, "objectionable portion[s] of [a] statement [which] can easily be separated from the remainder of the admission without adverse effect" should be redacted, with only relevant parts admitted into evidence. Id. at 391, 345 S.E.2d at 5.

"When . . . evidence is rejected, it is incumbent upon the proponent of the evidence to make a proffer of the expected [content]; otherwise, the appellate court has no means of determining if the evidence is material or otherwise admissible." Speller v. Commonwealth, 2 Va. App. 437, 440, 345 S.E.2d 542, 545 (1986). "[I]t is axiomatic that an appellate court's review . . . is limited to the record on appeal." Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986). Here, defendant proffered only a portion of the statement in issue, leaving the record silent with respect to the remainder and precluding our review of its exclusion for error.

Assuming, without deciding, that exclusion of the proffered evidence was error, we find it harmless. "An error, if non-constitutional in nature as is this one, is harmless if '"it plainly appears from the record and the evidence given at the trial that" the error did not affect the verdict.'" Woodward v.

- 2 -

Commonwealth, 16 Va. App. 672, 675, 432 S.E.2d 510, 512 (1993) (emphasis omitted) (quoting Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc) (quoting Code § 8.01-678)).

The proffered portion of the statement indicates only that defendant had been drinking throughout the day of the offense. Without objection from defendant, the trial court instructed the jury that

> [v]oluntary intoxication is not a defense to any of the crimes that [defendant] is charged with. Even if you find that he was greatly intoxicated by the voluntary use of alcohol you must still find him guilty if you find that the Commonwealth has proved every element of the crimes beyond a reasonable doubt.

Defendant was, therefore, bound by this legal principle, see Shamblee v. Virginia Transit Co., 204 Va. 591, 594-95, 132 S.E.2d 712, 714 (1963); see also Commonwealth v. Millsaps, 232 Va. 502, 509, 352 S.E.2d 311, 315 (1987), which removed intoxication from the jury's consideration in the guilt phase of trial.

Moreover, such evidence was merely cumulative of uncontroverted testimony which established that defendant was "very loud," smelled of alcohol and "[a]ppear[ed]" to have been "drinking" moments after the offense. "Evidence admitted in error does not affect a verdict if it is 'merely cumulative of other, undisputed evidence.'" Woodward, 16 Va. App. at 675, 432 S.E.2d at 512 (quoting Ferguson v. Commonwealth, 16 Va. App. 9, 12, 427 S.E.2d 442, 445 (1993)). Conversely, the erroneous

exclusion of cumulative evidence may also be harmless.

Thus, the record plainly demonstrates that exclusion of the proffered evidence could not have properly affected the verdict, rendering the ruling harmless, even if in error.  Accordingly, we affirm the convictions.

<u>Affirmed.</u>
